IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00074-BR

| | |
|---|---|
| HENRY C. PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KIERAN SHANAHAN, *Secretary, in* ) | |
| *official capacity North Carolina* ) | |
| *Department of Public Safety*, NORTH ) | |
| CAROLINA DEPARTMENT OF PUBLIC ) | |
| SAFETY, NORTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| FRANK MARCZYK, WREN ) | |
| RIVENBARK, and MARK CRABTREE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on a Motion for Exemption from Mediation filed on March 3, 2014, by Defendants North Carolina Department of Public Safety, North Carolina Department of Corrections, Mark Crabtree, Wren Rivenbark, and Frank Marczyk. [DE-28]. Plaintiff has responded to the motion. [DE-29].

Defendants request exemption from mediation pursuant to Local Civil Rule 101.1a(e) which permits the court, in its discretion, to grant or deny a motion for exemption. *See* Local Civil Rule 101.1a(e). Defendants contend that "attempts at mediation [in this case] would be futile and that the parties would likely reach an impasse at mediation and further believes that it would not be judicially economical to mediate the case." [DE-28] at 1. Defendants also referenced the district court's dismissal of several of Plaintiff's claims in a January 6, 2014 order [DE-22] and stated their belief

that Plaintiff's remaining claims would be dismissed pursuant to other dispositive motions that Defendants anticipate filing in the future. [DE-28] at 2. Plaintiff, in his response, opposes Defendants' motion, stating that an assertion of unwillingness to settle or the dismissal of some claims at the outset of the litigation is not sufficient to warrant exemption. [DE-29] at 2.

The undersigned has considered fully the matters raised in Defendants' motion and is not persuaded that any single Defendant, or the entirety of this case, should be exempt from mediation. *See* Local Civil Rule 101.1a(e) ("A general assertion that a case is not likely to settle or that settlement possibilities are remote may not in the court's discretion adequately justify exemption."). Accordingly, Defendants' motion is denied.

The parties are reminded of the scheduling order [DE-27] in this case entered February 10, 2014, which specifies that this case is subject to mandatory mediation pursuant to Local Civil Rule 101.1a(b). Additionally, the parties are also reminded that upon request, this court will assist with the settlement negotiations or other ADR by making available a judge other than the trial judge to explore these possibilities.

SO ORDERED, the _10_ day of March 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge