IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-74-BR

| | |
|---|---|
| HENRY C. PARKS,<br>   Plaintiff,<br><br>  v.<br><br>NORTH CAROLINA DEPARTMENT OF<br>PUBLIC SAFETY, *et al.*,<br>   Defendants. | ORDER |

  This matter comes before the court on plaintiff's letter dated 4 November 2014. (DE # 58.) Defendants have filed a response to the letter. (DE # 59.)

## I. BACKGROUND

  Plaintiff Henry C. Parks ("plaintiff"), through his counsel Stephon Bowens, initiated this action on 1 February 2013 against defendants North Carolina Department of Public Safety ("NCDPS"), North Carolina Department of Corrections ("NCDOC"), Kieran Shanahan ("Shanahan"), Bobby Montague ("Montague"), Virginia Price ("Price"), Mark Crabtree ("Crabtree"), Frank Marczyk ("Marczyk"), and Wren Rivenbark ("Rivenbark"), asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and several North Carolina state law claims. (DE # 1.) On 8 August 2013, Crabtree, Marczyk, Rivenbark, NCDPS, and NCDOC filed motions to dismiss. (DE ## 12, 13.) By order dated 6 January 2014, the court granted those motions. (DE # 22.) On 7 February 2014, the court dismissed Montague and Price from this action. (DE # 25.) Remaining are plaintiff's state law claims against Crabtree, Marczyk, and Rivenbark in their individual capacities and Title VII claims against NCDPS and NCDOC. (DE # 22, at 10-11.) Also remaining are plaintiff's claims against Shanahan in his official

capacity.[1]

On 19 March 2014, the court granted Stephon Bowens' motion to withdraw as plaintiff's attorney. (DE # 32.) Now proceeding *pro se*, plaintiff states in the instant letter that he is unqualified to represent himself and requests that this court "dismiss the charges [he has] against [NCDPS]." (DE # 58, at 1.) The court will treat plaintiff's letter as a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. Rule 41(a)(1)(A) allows for a plaintiff to voluntarily dismiss an action "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summery judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." However, "[o]nce the defendant has filed an answer or a motion for summary judgment . . . granting dismissal without prejudice becomes discretionary with the court," and a plaintiff must seek a court order under Rule 41(a)(2). Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971). Because defendants have filed an answer in this case, (DE # 17), the court will analyze plaintiff's motion under Rule 41(a)(2).

Rule 41(a)(2) was designed "to allow voluntary dismissal unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). In considering a Rule 41(a)(2) motion, the court must give highest regard to the interests of the defendants. Id. In the case at hand, defendants consent to the dismissal and state that they "would be unduly prejudiced and burdened by continuing to participate in this litigation . . . ." (DE # 59, at 2.) Defendants further note that plaintiff "has not delayed or exhibited a lack of diligence in prosecuting his claims and has offered the [c]ourt a reasonable explanation for seeking

---

[1] The court notes that Shanahan did not file a motion to dismiss.

[dismissal]." (Id.)  Under these circumstances, it is clear that dismissal would not prejudice NCDPS, and, thus, voluntary dismissal is appropriate.  The question remains whether plaintiff also intended that the court dismiss his claims against the remaining defendants.[2]

Based on the foregoing, plaintiff's motion for voluntary dismissal of his claims against NCDPS, (DE # 58), is GRANTED, and NCDPS is DISMISSED WITHOUT PREJUDICE.  The court ORDERS that within twenty days plaintiff file a notice with the court indicating whether he wishes to proceed with or to dismiss his claims against defendants NCDOC, Shanahan, Crabtree, Marczyk, and Rivenbark.

This 19 December 2014.

                                         W. Earl Britt
                                         Senior U.S. District Judge

---

[2] The court notes that plaintiff's and defendant's description of the relationship between NCDPS and NCDOC are conflicting.  Plaintiff states that NCDOC is a subdivision of NCDPS, (Compl., DE # 1 ¶ 3), while defendants maintain that NCDPS was formerly NCDOC, (DE # 14, at 2).  For purposes of this motion, the court will treat them as separate entities.